PER CURIAM.
Appellant, Kenneth Filer, brought a proceeding pursuant to Florida Rule of Criminal Procedure 3.850, and raised several grounds. The trial court treated the matter as a proceeding under Florida Rule of Criminal Procedure 3.800(a) and denied the motion in all regards.
The trial court erred by refusing to consider the motion as a Rule 3.850 matter. Nevertheless, the judge attached sufficient documentation to his order to conclusively show that Filer is not entitled to relief on his legal status, release program violation, and jail time credit issues. We therefore affirm on these issues. In two of his issues, however, Filer raises factual disputes. As to these issues, the motion could only have been denied if the trial court attached to its order portions of the record conclusively showing no entitlement to relief or conducted an evidentiary hearing.
Filer alleges that although his sentencing scoresheet lists two underlying offenses as second degree grand theft, in fact these were but third degree grand theft. Filer argues that because of this error, the scoresheet is incorrect. Although the trial court attached a sentencing scoresheet which lists the charges as *1024 second degree grand theft, nothing in the attachments refutes Filer’s allegation that he was never actually convicted of second degree grand theft. Accordingly, as to this point, we vacate the order and remand for further proceedings under Rule 3.850.
Filer also argues that he was sentenced under the Criminal Punishment Code, section 921.002, Florida Statutes (Supp.1998), that became effective October 1, 1998. He alleges, however, that certain of his offenses were committed prior to the effective date of the Criminal Punishment Code and that the trial court should not have utilized the Criminal Punishment Code scoresheet as to all offenses. Again, no attachment to the order refutes Filer’s allegation and accordingly, as to this point, the order must also be vacated and remanded for further proceedings pursuant to the rule.
AFFIRMED in part, VACATED in part, and REMANDED.
BOOTH, MINER and KAHN, JJ„ concur.